■ ALICE BELL, Appellant, v NICOLAS RUTHERFORD, Respondent.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered May 10, 1989 which, *inter alia,* denied plaintiff's motion for summary judgment on her claim for specific performance, unanimously affirmed, without costs.

In 1979, David Holliday and defendant Nicolas Rutherford purchased "as joint tenants with rights of survivorship" a certain parcel of real property upon which they built a three-bedroom house. On May 28, 1980, in return for certain financial considerations, Holliday agreed to execute a deed placing the property entirely in Rutherford's name. On June 18, 1984, they executed an agreement which revoked all prior agreements between them and provided that each would devise his respective interest in the property to the other. Plaintiff and Holliday married in 1986. In February of 1987, Rutherford made known his desire to dispose of his interest in the property.

The 1984 agreement specifies the procedure to be followed for the acquisition of one party's interest by the other, including (1) written notice to the other party by certified mail, (2)

acceptance or rejection communicated by certified mail within 60 days of receipt of the offer, and (3) a minimum price to be set by the average of the appraisals obtained from three real estate brokers less the amount of any outstanding mortgage. There does not appear to have been compliance with any of these directives. From the correspondence between the parties it appears that, at the outset, Holliday was at best disinterested and even hostile to the proposed buyout. Rutherford's offer to sell was first communicated by Rutherford's attorney making specific reference to the provisions in the ownership agreement, on February 17, 1987. Holliday's answer was to deny receipt of the offer. It was Rutherford who again, on July 10, 1987, invoked the provisions of the agreement in the attempt to bring about the sale of his interest. Holliday's response reflected no effort to select a broker to make the appraisal specified in the agreement but merely took issue with the value set upon his interest by Rutherford, proposing instead a purchase price of his own. In August, Rutherford specifically rejected Holliday's counteroffer of $83,170 and again invoked the provisions of the agreement. It was not until March 29, 1988, following a change of attorneys, that a desire to comply with the buyout provisions of the agreement was expressed on Holliday's behalf. The inevitable denouement came in April 1988 after Rutherford rejected, as untimely, the purported acceptance by Holliday of his offer to sell in a letter dated April 15, 1988. Holliday died three days later on April 18, 1988, bequeathing his interest not to Rutherford, as required by the agreement, but to plaintiff.

Plaintiff's motion for summary judgment on her claim for specific performance was properly denied. The record fails to demonstrate that the parties reached a meeting of the minds regarding the purchase of Rutherford's interest. The procedure governing the purchase and sale of an interest in the property seems to have been abrogated by both parties, and the various communications comprise no more than unfruitful negotiations. The validity of Holliday's purported assignment of his interest in the property to plaintiff in contravention of the terms of the agreement is questionable *(see, e.g., Schwartz v Horn,* 31 NY2d 275). Finally, an issue is presented as to whether Holliday's lack of compliance with the agreement operates as an estoppel against the enforcement of any rights he may possess under its provisions. Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.